## JOSEPH G. HUSSEY, AND MARY G. HUSSEY, *Appellants, v.* JOB SMITH, SAMUEL A. MERRITT, AND J. B. ROSBOROUGH, *Respondents.*

PRACTICE IN AMENDMENTS.—In case a Demurrer to the Complaint in the Court below is sustained, and the Bill is dismissed, the Plaintiff should apply to that Court for leave to amend. This Court will not grant leave, unless application is made in the Court below.

AMENDMENTS.—In the case at Bar, the proposed amendments considered and declared insufficient. (See same case, *ante*).

PETITION for a Re-hearing.

At the last term of this Court the judgment of the lower Court was affirmed, whereupon the Appellants filed a petition for a Re-hearing, and also for leave to amend their complaint in the Court below.

The other facts are stated in the opinion.

*Snow & Hoge,* for the Petition.

*Rosborough & Merritt,* Contra.

BOREMAN, J., delivered the opinion of the Court :

At the last June term of this Court this cause was heard, and the judgment of the District Court dismissing the Bill affirmed.

Thereupon the Appellants filed their petition for a Re-hearing.

The various grounds urged for a Re-hearing of this cause resolve themselves substantially into one point— that this Court having affirmed the judgment of the Court below, dismissing the Bill, should have allowed the Appellants to amend. In the Court below, the Bill was demurred to upon the ground that it did not contain facts sufficient to constitute a cause of action. The demurrer was sustained, and no leave being asked to amend, the Court dismissed the Bill.

No effort was ever made in the Court below to obtain leave to amend. Nor has it ever been asked in this Court, except as specified in this Petition for a Re-hear-

ing.   We think it is too late for this Court to interfere for the relief of the Appellants now.

Having looked over the whole cause again, we are of the opinion that the conclusion arrived at on the former hearing should not be disturbed.   Were we to now allow the amendment asked, to be made, giving the terms and conditions of the mortgage, still the complaint would be insufficient, no authority being shown for the Plaintiffs to foreclose the mortgage the second time.   A purchaser at a judicial sale buys at his peril, the rule of *caveat emptor* applying.   There is no warranty, and if the buyer takes nothing by his purchase and shows no reasons for setting the sale aside and refunding the money, he is at the end of the law and must abide the consequences.   He cannot then, at that time, be placed in the situation of the Plaintiff in the foreclosure suit prior to the foreclosure, and have that suit gone through with again.   The object of that suit had been attained by payment of the notes sued on by the proceeds of the mortgage sale.

The Court, therefore, will refuse to re-open the cause. The prayer for a Re-hearing is denied.

WHITE, C. J., and EMERSON, J., concurred.